HALL HARBOR ASSOCIATION, INC., ETC. ET AL., PLAINTIFF, v. CAPE MAY COUNTY DEPARTMENT OF HEALTH, ET AL., DEFENDANT.

Superior Court of New Jersey
Law Division Cape May County

Decided May 18, 1984.

534

Joseph C. Visalli for Hall Harbor Association.

Albert Ash for Cape May County Department of Health.

*William M. Balliette, Jr.* for the Borough of Stone Harbor (*Cafiero & Balliette & Balliette*, P.A., attorneys).

OPINION

GIBSON, J.S.C.

The within action seeks a determination of whether *N.J.S.A.* 26:4A–1, the so-called Swimming Pool Code, applies to a condominium association. The material facts are not in dispute and cross motions for summary judgment have been filed. *R.* 4:46–2.

The condominium complex involved here is a residential structure containing 60 individually owned units located in the Borough of Stone Harbor. The plaintiff association is made up of the various owners of those units. One of the common elements of the condominium property is a swimming pool which is open for use by tenants and their guests. Owners of the individual units are also free to lease their units and some of them do. Those tenants and their guests may likewise use the pool. There is no lifeguard on duty at the pool at any time.

Under the State Swimming Pool Code, adopted by the New Jersey Department of Health in 1970, pools operated "for profit" must have at least one senior lifeguard on duty at all times during the operation of a pool, and such lifeguard should hold as a minimum a valid senior lifeguard certificate issued by the Red Cross, YMCA or other equivalent rating. *N.J.S.A.* 26:4A–1, et seq. By ordinance, the Board of Health of the Borough of Stone Harbor adopted the Swimming Pool Code by reference in 1978.

The first count of the within complaint seeks a declaratory judgment that the statute does not apply to plaintiff. The constitutionality of the applicable statute and ordinance are challenged in the second and third counts. The within motion is directed only to the declaratory judgment aspect; namely,

whether or not the statute and ordinance in question are applicable to this plaintiff as a condominium association.

It is the contention of the Borough of Stone Harbor that the swimming pool at the Hall Harbor Condominium is in violation of both the ordinance and the Swimming Pool Code because of plaintiff's failure to have a lifeguard on duty during the hours that the pool is being operated. Citing *Raponotti v. Burnt-Mill Arms, Inc.,* 113 *N.J. Super.* 173 (App.Div.1971), it argues that the legislative intent behind the statute was to recognize the inherent danger to people who swim in pools where large numbers of persons may congregate and to require the presence of a lifeguard and life saving equipment. As noted in the *Raponotti* decision a pool may be "public" even though no charge is made for admission.

The Borough also argues that monies are indirectly charged for the use of the pool and the pool is thus indirectly operated for profit. Finally, defendant contends that if Hall Harbor were an apartment house, a lifeguard would be required. Merely changing the form of ownership to a condominium association does not lessen the danger to the swimmers.

Plaintiff, on the other hand, argues that the swimming pool is a common element and is only for the use of individual owners who contribute to a maintenance fee managed by the plaintiff association. As the Association points out, it is a non-profit corporation and as such, does not gain financially in collecting the assessments and maintaining the property. It also contends that although unit owners who lease have a potential for profit, most of the units are not leased and those which are do not generate a profit but merely defer some of the expense of owning such a condominium. Plaintiff thus submits that it is specifically exempt from the statute.

The applicable provision of the Swimming Pool Code reads as follows:

> Every person operating a swimming pool or public swimming place, directly or indirectly, for profit shall provide adequate trained personnel and proper

appliances for lifesaving and resuscitation at all times when the pool or place is open to the public. *N.J.S.A.* 26:4A–1.

■ No reported decisions in this state resolve the question of whether the requirements of this statute apply in a condominium setting. On the other hand, it is clear that the legislation was intended to be remedial and should be read broadly. *Raponotti v. Burnt-Mill Arms, Inc., supra.* Our Appellate Division has held that a swimming pool may be considered "public" even though no separate fee is charged for use by its guests or members and even where the general public is excluded. *Id.* at 179; see Annotations at 48 *A.L.R.*2d 104 (1956) and 1 *A.L.R.*3d 963–958 (1965). The same analysis is appropriate here. The indirect financial benefit derived by the owner of the leased garden apartments in *Raponotti* is analogous to the benefits derived by the unit owners who comprise a condominium association. In both instances there is an indirect financial gain. Both involve a pool "where conceivably large numbers may congregate..." *Raponotti v. Burnt-Mill Arms, Inc., supra* at 178.

The applicability of this statute must be examined in a manner consistent with a liberal approach to the fulfillment of the stated legislative goals. Thus to justify a conclusion that the plaintiff is excluded from the provisions of *N.J.S.A.* 26:4A–1, one would have to determine that plaintiff's facility is maintained only for use by family and its guests. *Raponotti v. Burnt-Mill Arms, Inc., supra* at 180. Given the stipulated facts here that is simply not the case.

The California Court of Appeals reached a similar conclusion when applying a comparable statute to a private country club. *Lucas v. Hesperia Golf & Country Club*, 255 *Cal.App.*2d 241, 63 *Cal.Rptr.* 189 (D.Ct.App.1967). Basing its finding on a regulation of the state board of health which made the statute applicable to swimming pools at apartment houses, the court reasoned:

The State Department of Public Health has adopted an interpretation of the term "public swimming pool" by exclusion rather than inclusion; that is, it has

construed the term as excluding only strictly private pools maintained for the use of a family and its friends. This is a reasonable construction consistent with the statutory purpose of protecting the health and safety of those using swimming pools which are available to the use of many persons on a regular basis. 255 *Cal.App.*2d at 249, 63 *Cal.Rptr.* 189.

The country club setting in *Lucas* is again analogous to that of the plaintiff's condominium complex. In each setting the pools are available for use by a large number of persons. The California statute, like the New Jersey Act, shares the same legislative intent; that is, the recognition of the inherent danger to people who swim in pools or public swimming places where large numbers may assemble for that purpose. *Raponotti, supra* at 178.

The reasoning of these cases is compelling and supports the conclusion that the statute applies to the plaintiff here. All of the condominium unit owners have a share in the ownership of the pool. They pay for its use through individual contributions to the maintenance fee charged by the association. When they lease their units the gain that they realize is, in part, a reflection of the attractiveness of the condominium complex, of which the pool is a part. In addition, the use of the pool is available on a regular basis to a large number of persons including the owners, their families, their guest, and their tenants. The safety of those who make use of the pool is thus of paramount concern. Where, as here, there is a profit element and the pool is owned, operated and used by a large number of families, the statutory requirements apply. To hold otherwise would be contrary to the principles previously identified.

It is the finding of this court that the pool owned and operated by the plaintiff condominium association falls within the definition of what the legislature contemplated when it spoke of operating a swimming pool "directly or indirectly for profit." Those who use Hall Harbor Condominium's pool are therefore entitled to the protection which the legislature sought to provide them; namely, "adequate trained personnel" and

"proper appliances for lifesaving and resuscitation" when the pool is in use.

The motion for summary judgment by defendant Borough of Stone Harbor is granted; plaintiff's cross-motion for summary judgment is denied.